Case 1:22-cv-06517-LJL   Document 33   Filed 11/23/22   Page 1 of 2

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/23/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
WEST COAST SERVICING, INC.,                                      :
:
Plaintiff,                                                        :
:                   22-cv-6517 (LJL)
-v-                                                              :
:                   ORDER
MCCARTHY ROGERS ET AL.,                                          :
:
Defendants.                                                       :
:
-----------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      The Court held a conference on November 22, 2023 to address Plaintiff's motion for default judgment, Dkt. No. 30, and Rogers's motion for extension of time to file an answer, Dkt. No. 31. This order memorializes the decisions of the Court at the conference.

      The Court denies Rogers's request for a mandatory settlement conference under N.Y. C.P.L.R. § 3408. Section 3408 is not binding on federal courts. Such conferences are instead governed by Rule 16 of the Federal Rules of Civil Procedure. *See Gustavia Home, LLC v. Nunu*, 2018 WL 4006881, at *6 (E.D.N.Y. June 29, 2018) ("The provisions of CPLR § 3408 apply to New York courts, not to federal courts adjudicating foreclosure actions based on their diversity jurisdiction."); *Courchevel 1850 LLC v. Stern*, 2018 WL 3193210, at *5 (E.D.N.Y. June 28, 2018) (listing cases).

      The Court grants Rogers's motion for an extension of time to file an answer and denies Plaintiff's motion for default judgment. Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In determining whether good cause is present, the Court must consider (1) whether the default was willful; (2) whether a meritorious defense is presented; and (3) whether setting aside the default would prejudice the non-moving party. *See State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166 (2d Cir. 2004) (citing *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)); *see also Enron Oil Corp v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (noting that "the factors examined in deciding whether to set aside a default or a default judgment are the same"). Courts apply a "less rigorous standard" when a motion to vacate concerns an entry of default pursuant to Rule 55(a), rather than a final default judgment. *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996); see also Fed. R. Civ. P. 55(c). The Second Circuit has made clear its "preference for resolving disputes on the merits." *See Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) (citation omitted).

      Rogers has shown good cause (although the question is close). First, Rogers's counsel

represented that she had initially retained a different attorney who she had believed would handle this matter, but ended up having to retain new counsel.  Her default was not willful.  Second, Rogers represented that she may possess enough equity in the property to receive a loan to satisfy Plaintiff and possibly reach settlement.  Third, this case has only been pending for several months; vacatur of the entry of default would not prejudice Plaintiff.  Though Defendant objects to vacatur, it offers no reasons why the Court should not vacate the entry of default.  The Court thus vacates the entry of default and grants Rogers's motion for an extension of time to file her answer.

Rogers shall file her answer by November 29, 2022.  The deadline for all discovery is March 31, 2023.  The deadline for summary judgment motions is April 7, 2023.  The Court schedules a post-discovery status conference for March 31, 2023 at 3:00 p.m.

The Parties are directed to file a letter by December 2, 2022 addressing whether they seek, for settlement purposes, referral to Magistrate Judge Aaron or to mediation.

The Court DENIES the motion for default judgment and VACATES the entry of default as to Rogers.  The Court GRANTS IN PART and DENIES IN PART the motion for an extension of time to file an answer.

The Clerk of Court is respectfully directed to close Dkt. Nos. 30, 31.

SO ORDERED.

Dated: November 23, 2022  
      New York, New York                                    LEWIS J. LIMAN  
                                                               United States District Judge