UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WEST COAST SERVICING, INC.,                1:22-cv-06517-LJL
                 Plaintiff,

      -against-

SHERRIANN MCCARTHY ROGERS A/K/A
SHERIAN MCCARTHY ROGERS,
DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT,
NEW YORK CITYENVIRONMENTAL
CONTROL BOARD, NEW YORK CITY
PARKING VIOLATIONS BUREAU,
                Defendant(s).
------------------------------------------------------------X

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**MARGOLIN, WEINREB & NIERER, LLP**
**ATTORNEYS FOR PLAINTIFF**
165 Eileen Way
Suite 101
Syosset, New York 11791
516.945.6055

Served and filed on: September 7, 2023
Oral Argument Not Requested

**TABLE OF CONTENTS**

Table of Contents………………………………………………………………...…….........ii

PRELIMINARY STATEMENT ……………………………..……………..….…….1

I.   ARGUMENTS………………………………………………………………………….2

    A.  DEFENDANT'S OPPOSITION IS
        PROCEDURALLY AND FACIALLY IMPROPER………………………...……..2

    B.  SUMMARY JUDGMENT SHOULD BE GRANTED
        IN FAVOR OF PLAINTIFF……………………………………………………..3

        1.  Standard of Review Pursuant to Rule 56(a)……………………………………3

        2.  Plaintiff Has Set Forth Its *Prima Facie* Case……………………………………4

        3.  The Court has Subject Matter Jurisdiction………..……………..…………………5

II.  CONCLUSION……………………………………………………………………5

**PRELIMINARY STATEMENT**

Plaintiff West Coast Servicing, Inc. ("Plaintiff" or "West Coast") respectfully submits this Memorandum of Law in Further Support of Plaintiff's Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 56.

This action seeks to foreclose the mortgage upon real property located at 1260 Noble Avenue, Bronx, NY 10472 (the "Property") owned by Defendant Sheriann McCarthy Rogers ("Defendant"). Defendant filed an Answer on November 26, 2022 (hereinafter, the "Answer") [ECF Docket No. 34] to the Complaint [ECF Docket No. 1] filed by West Coast. In her Answer to this foreclosure action, Defendant raised four affirmative defenses — (1) subject matter jurisdiction, (2) failure to state a cause of action, (3) Plaintiff's standing and (4) compliance with RPAPL §1304 and default notice provision. *See* Answer at ECF Docket No. 34. Defendant has abandoned all her affirmative defenses and only raises subject matter jurisdiction in her Opposition to Plaintiff's Motion for Summary Judgment. *See* Opoku v. Town of Southampton, No. 13-CV-0940, 2016 U.S. Dist. LEXIS 143636, at *19 (E.D.N.Y. Oct. 17, 2016) (Spatt, J.) (deeming claims to have been abandoned where party failed to respond to arguments seeking their dismissal); accord Sanders v. City of New York, No. 12-CV-13, 2015 U.S. Dist. LEXIS 42698, at *65-66 (E.D.N.Y. (Oct. 17, 2016) (Report & Recommendation), adopted 2015 U.S. Dist. LEXIS 40972 (E.D.N.Y. Mar. 30, 2015).

Glaringly, Defendant's Opposition does *not* contain an Affidavit from the Defendant. Additionally, Defendant's Response to Rule 56.1 Statement admits to each and every fact set forth in Plaintiff's Rule 56.1 Statement, except for one, thereby admitting to borrowing the money for the loan being foreclosed and defaulting thereunder. As set forth below, Defendant's affirmative defense of subject matter jurisdiction, must fail as a matter of law.

I. **ARGUMENTS**

A. **DEFENDANT'S OPPOSITION IS FACIALLY AND PROCEDURALLY IMPROPER**

The attorney Declaration of Romeo Salta [Docket No. 50] and his Memorandum in Opposition to Motion for Summary Judgment [Docket No. 51] are insufficient to warrant denial of Plaintiff's Motion as Defendant's Opposition presented to the Court contains arguments on behalf of Sheriann McCarthy Rogers to deny Plaintiff's Motion for summary judgment. The arguments cannot be supported as there is *no* Affidavit of the Defendant Sheriann McCarthy Rogers. Counsel's statements are not considered admissible "proof" or sufficient evidence pursuant to Fed. R. Civ. P. 56(e). Defendant's counsel has no personal knowledge, and therefore his statements are not adequate to be admissible into evidence and should not be given any merit or consideration. *See*, Matter of Mendez v. Frisch Products Corp., 28 AD2d 800 (3rd dept. 1987); *see also* Little v. The City of New York, 487 F.Supp.2d 426 (2007) ("an attorney's affirmation that is not based on personal knowledge of the relevant facts is to be accorded no weight on a motion for summary judgment").

In order to demonstrate a meritorious defense to defeat summary judgment or to be granted summary judgment, a party must submit an affidavit from an individual with knowledge of the facts. *See*, e.g. Mitchell v. MidHudson Med. Assocs., 213 A.D.2d 932; Hunter v. Esquire/Star, Inc., 210 A.D.2d 32, 33; Beverage Distribs. v. Schenley Indus., 155 A.D.2d 356. Further, the affidavit submitted from such individual must make sufficient allegations; it must do more than merely make conclusory allegations or vague assertions. *See* National Recovery Sys. v. Weiss, 226 A.D.2d 289.

In this case, Defendant's counsel submits solely an Attorney Declaration and Memorandum, which contain exclusively speculative and conclusory statements. There is no other

2

evidence submitted by Defendant McCarthy Rogers other than her attorney's unsubstantiated and self-serving statements. *See* First N. Mortgagee Corp. v. Yatrakis, 154 AD2d 433 [1989]. As such, the Declaration and Memorandum of Defendant's attorney are insufficient to defeat Plaintiff's Motion for summary judgment (*see*, Zuckerman v. City of New York, 49 N.Y.2d 557; Eddy v Tops Friendly Mkts., 91 A.D.2d 1203, affd 59 N.Y.2d 692; Ehrlich v. American Moninger Greenhouse Mfg. Corp., 26 N.Y.2d 255).

Even though Defendant's Opposition should be dismissed on its face as defective, Plaintiff will address the unsupported allegations raised by Defendant's counsel.

B. **SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF PLAINTIFF**

    1. **Standard of Review Pursuant to Rule 56(a)**

Summary judgment is appropriate where the submissions of the parties, taken together, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[S]ome alleged factual dispute" is not enough; "the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (summary judgment inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law"). A dispute is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. Facts are "material" where their resolution might affect the outcome of the suit under the governing law. Id.

Once the moving party shows there are no issues of fact that could affect the outcome, the burden shifts to the non-moving party to show specific, admissible evidence of a genuine material fact. *See* Fed. R. Civ. P. 56(c); *see also* Anderson, 477 U.S. at 248-49; Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010). The Court need not view all facts in the light most

favorable to the non-moving party. See Scott v. Harris, 550 U.S. 372, 380 (2007). If the record "contradicts" the nonmoving party's showing—"so that no reasonable jury could believe it"—the Court need not adopt that position. Id.

Thus, to defeat summary judgment here, Defendant must come forward with admissible, affirmative proof from which a jury could return a verdict in his favor. See Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp., 302 F.3d 83, 91 (2d Cir. 2002). He must go beyond the pleadings, Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 596-87 (1986), and "set forth specific facts" showing that there is "a genuine issue for trial." See Fed. R. Civ. P. 56(e)(2). The facts he proffers "'must be material and of a substantial nature, not fanciful, frivolous, gauzy, spurious, irrelevant, gossamer inferences, conjectural, speculative, nor merely suspicions.'" Opals On Ice Lingerie v. Body Lines Inc., 320 F.3d 362, 370 n.3 (2d Cir. 2003) (quoting Contemporary Mission, Inc. v. U.S. Postal Serv., 648 F.2d 97, 107 n.14 (2d Cir. 1981))(internal citations omitted); *accord* Cifarelli v. Vill. of Babylon, 93 F.3d 47, 51 (2d Cir. 1996); Warheit v. City of N.Y., No. 02 Civ. 7345 (PAC), 2006 WL 2381871, at *12 n.4 (S.D.N.Y. Aug. 15, 2006).

A mere "scintilla of evidence" in support of the non-moving party is insufficient. Hayut v. State Univ. of N.Y., 352 F.3d 733, 743 (2d Cir. 2003). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-48.

**2. Plaintiff Has Set Forth Its *Prima Facie* Case**

"Under New York state law, three elements must be established in order to sustain a foreclosure claim: (1) proof of the existence of an obligation secured by a mortgage; (2) a default on that obligation by the debtor; and (3) notice to the debtor of that default." United States v. Paugh, 322 F. Supp. 2d 679, 680 (S.D.N.Y. 2004); see also Builders Bank v. Charm Devs. II, LLC,

4

Nos. 09-CV-3935 & 09-CV-4410, 2010 WL 3463142, sat *2 (E.D.N.Y. Aug. 30, 2010) ("[S]ummary judgment in a mortgage foreclosure action is appropriate where the Note and Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note." (quotation omitted)).

Here, via her Response to 56.1 Statement, Defendant has admitted to (1) executing the Mortgage and Note, (2) defaulting on the terms of the Mortgage and Note, (3) that Plaintiff is the owner and holder of the Mortgage and Note, (4) that Plaintiff complied with the pre-requisite notices to this foreclosure action, and (5) that the default remains. *See* Defendant's Response to 56.1 Statement at ¶¶ 3-14 [Docket No. 52]. Based on the foregoing, Plaintiff has met its *prima facie* burden.

### 3. The Court has Subject Matter Jurisdiction

Defendant's Opposition incorrectly claims that Plaintiff is a corporation domiciled in the New York State. While the public records reflect that there is a West Coast Servicing, Inc. incorporated in New York, that entity is not Plaintiff, but rather a different entity with the same name. Plaintiff is a California corporation, which our firm has successfully brought actions in the name of in New York District Courts on the basis of diversity jurisdiction. The identical name may be confusing, however, factually the Plaintiff is not a New York citizen for the purposes of diversity jurisdiction and is diverse from all Defendants. Therefore, subject matter jurisdiction is based upon complete diversity of citizenship pursuant to 28 U.S.C. §1332. *See* Affidavit in Further Support of Plaintiff's Motion for Summary Judgment filed simultaneously herewith.

## II. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment should be granted as it has established its *prima facie* case for Summary Judgment. Notably, Defendant admitted to her

Case 1:22-cv-06517-LJL   Document 57   Filed 09/07/23   Page 8 of 8

execution of the Mortgage and Note and default thereunder in her Response to Plaintiff's Rule 56.1 Statement of Material Facts.

As such, Plaintiff respectfully requests that this Court enter an order: (1) granting Plaintiff's Motion for Summary Judgment in its entirety; (2) dismissing the Answer, including all affirmative defenses, with prejudice; (3) permitting Plaintiff to proceed with the filing of a Judgment of Foreclosure and Sale; and (4) granting such other and further relief as this Court deems just and proper.

Dated: September 7, 2023
       Syosset, New York

By:   /s/ *Alan H. Weinreb*
       Alan H. Weinreb, Esq.

6