```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/14/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
 :
WEST COAST SERVICING, INC., :
 :
                Plaintiff, :
 :      22-cv-6517 (LJL)
         -v- :
 :      MEMORANDUM AND
SHERRIANN MCCARTHY ROGERS A/K/A SHERIAN :      ORDER
MCCARTHY ROGERS, DEPARTMENT OF HOUSING :
PRESERVATION AND DEVELOPMENT, NEW :
YORK CITY ENVIRONMENTAL CONTROL BOARD, :
NEW YORK CITY PARKING VIOLATIONS :
BUREAU, :
 :
                Defendants. :
 :
---------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiff West Coast Servicing, Inc. ("Plaintiff") moves, pursuant to Federal Rule of Civil Procedure 56, for summary judgment and to strike the affirmative defenses of defendant Sherriann McCarthy Rogers ("Rogers"). Dkt. No. 45. Rogers opposes that motion. Dkt. No. 51. For the following reasons, Plaintiff's motion is granted.

## BACKGROUND

The Court assumes the truth of the undisputed facts set forth in Plaintiff's Local Rule 56.1 statement, Dkt. No. 48, and Rogers's Local Rule 56.1 statement, Dkt. No. 52, and construes those facts in favor of Rogers, as the non-moving party.

Rogers is a citizen of New York State who resides at 1260 Noble Avenue in the Bronx, New York (the "Property"). Dkt. No. 48 ¶ 2; Dkt. No. 52 ¶ 2. On August 17, 1999, Rogers received a $66,000 loan from Federal Standard Mortgage Banking Corp. ("Federal Standard"). Dkt. No. 48 ¶ 3; Dkt. No. 52 ¶ 3. In exchange, Rogers executed and delivered both a note

memorializing her debt and a mortgage in the Property to Federal Standard.  Dkt. No. 48 ¶¶ 3–4; Dkt. No. 52 ¶¶ 3–4.  The mortgage securing the $66,000 loan was recorded at the Bronx County Clerk's Office on May 4, 2000.  Dkt. No. 48 ¶ 4; Dkt. No. 52 ¶ 4.  In August of 2010 and April of 2019, Rogers entered into written modification agreements with Federal Standard's successors-in-interest that reaffirmed her obligations under the loan documents but modified her unpaid principal balance and the terms of repayment.  Dkt. No. 48 ¶¶ 5–6; Dkt. No. 52 ¶¶ 5–6.  Both the note and mortgage were subsequently transferred to Plaintiff through a series of assignments and endorsements.  Dkt. No. 48 ¶¶ 7–8; Dkt. No. 52 ¶¶ 7–8.

On January 1, 2020, Rogers defaulted on the loan by ceasing to make installment payments.  Dkt. No. 48 ¶ 9; Dkt. No. 52 ¶ 9.  Plaintiff's attorneys mailed Rogers a demand letter on February 1, 2022, Dkt. No. 48 ¶ 10; Dkt. No. 52 ¶ 10, explaining that failure to tender payment could result in the acceleration of the loan and initiation of foreclosure proceedings, *see* Dkt. No. 47-3 at ECF p. 25.  On March 3, 2022, Plaintiff's attorneys mailed Rogers a ninety-day notice pursuant to the New York Real Property Actions and Proceedings Law ("RPAPL") and filed a Proof of Filing Statement with the New York State Department of Financial Services.  Dkt. No. 48 ¶ 11; Dkt. No. 52 ¶ 11.  To date, Rogers has not cured her default under the loan.  Dkt. No. 48 ¶ 12; Dkt. No. 52 ¶ 12.

## PROCEDURAL HISTORY

Plaintiff commenced this action on August 1, 2022 by filing the Verified Complaint against Rogers, the New York City Department of Housing Preservation and Development, the New York City Environmental Control Board, and the New York City Parking Violations Bureau (the "Municipal Entities," and together with Rogers the "Defendants").  Dkt. No. 1.  The Verified Complaint alleged that the Municipal Entities are judgment creditors whose interests in the Property are subordinate to Plaintiff's mortgage.  *Id.* ¶¶ 4–7.  The Verified Complaint also

asserted that the Court has diversity jurisdiction, pursuant to 28 U.S.C. § 1332. *Id.* ¶ 8. As relief, the Verified Complaint requested judgment in its favor, sale of the Property, and satisfaction of Rogers's debt from the proceeds of that sale. *Id.* at 7–8.

After Defendants failed to answer or move to dismiss the Verified Complaint, the Clerk of Court issued certificates of default as to each of them. Dkt. Nos. 22–25. Plaintiff then filed a motion for default judgment on November 7, 2022, Dkt. No. 30, but Rogers moved for an extension of time to answer, Dkt. No. 31. On November 23, 2022, the Court issued an order that denied the motion for default judgment. Dkt. No. 33. Because Rogers had shown good cause, the Court vacated the entry of default against her and granted her an extension of time to answer the Verified Complaint. *Id.* Rogers filed her Verified Answer on November 26, 2022, in which she raised four "affirmative defenses": lack of diversity jurisdiction, lack of standing, failure to state a claim, and failure to comply with notice requirements under both the loan documents and New York law. Dkt. No. 34 ¶¶ 26–29.

Plaintiff filed the instant motion for summary judgment—as well as an accompanying affidavit, declaration, memorandum of law, and Local Rule 56.1 statement—on July 28, 2023. Dkt. Nos. 45–49. Rogers opposed Plaintiff's motion by filing a declaration, memorandum of law, and Local Rule 56.1 statement on August 11, 2023. Dkt. Nos. 50–52. Plaintiff filed a reply memorandum and additional affidavit in support of its motion on September 7, 2023. Dkt. Nos. 57–57-1.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law,'" while "[a]n

3

issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 97 (2d Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  In determining whether there are any genuine issues of material fact, the Court must view all facts "in the light most favorable to the non-moving party," *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 69 (2d Cir. 2001), and the movant bears the burden of demonstrating that "no genuine issue of material fact exists," *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002) (citations omitted).

"[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)).  Nor may the non-moving party "rely on conclusory allegations or unsubstantiated speculation." *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)).  Rather, to survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1)(A); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009).  To defeat a motion for summary judgment, the non-moving party must demonstrate more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-moving party "cannot defeat the motion by relying on the allegations in [its] pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citation omitted).

The Southern District's Local Civil Rule 56.1 sets forth specific requirements about how the facts relied upon by the moving party and disputed by the opposing party are to be presented.

Any party moving for summary judgment must "annex[] to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." S.D.N.Y. Local Rule 56.1(a). Local Rule 56.1(b), in turn, requires the party opposing the motion to "include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." *Id.* 56.1(b). All statements in a Local Rule 56.1 submission "must be followed by citation to evidence which would be admissible." *Id.* 56.1(d). "Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." *Id.* 56.1(c).

## DISCUSSION

Rogers's sole challenge to Plaintiff's motion for summary judgment presents a threshold question: "whether there is the necessary diversity of parties in this case and, therefore, federal jurisdiction." Dkt. No. 51 at 3. "Federal courts are courts of limited jurisdiction." *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 136 (2d Cir. 2002). Consequently, "before deciding any case [the court is] required to assure [itself] that the case is properly within [its] subject matter jurisdiction." *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001); *see also Tech-Sonic, Inc. v. Sonics & Materials, Inc.*, 2015 WL 4715329, at *4 (D. Conn. Aug. 7, 2015) ("If the defendant asserts in a Rule 56 motion that undisputed facts show the absence of jurisdiction, the court proceeds, as with any summary judgment motion, to determine if undisputed facts exist that warrant the relief sought."). Congress has granted the federal courts jurisdiction over civil

actions between "citizens of different States" as long as "the matter in controversy exceeds . . . $75,000." 28 U.S.C. § 1332. "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). "[A] corporation [is] deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

The Verified Complaint alleges that "West Coast Servicing, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 20151 SW Birch Street # 200, Newport Beach, CA 92660." Dkt. No. 1 ¶ 2. Plaintiff's Local Rule 56.1 Statement repeats that assertion. Dkt. No. 48 ¶ 1; *see also* Dkt. No. 46 ¶ 5. However, Rogers's Local Rule 56.1 contests Plaintiff's state of incorporation. Dkt. No. 52 ¶ 1. She offers an "Entity Information" record from the New York Department of State's Division of Corporations that indicates "West Coast Servicing, Inc." is a domestic business corporation, organized under the laws of New York. Dkt. No. 50-1. Because Rogers is a citizen of New York, the Court would indeed lack diversity jurisdiction if Plaintiff were incorporated in New York.

Plaintiff disputes that the "West Coast Servicing, Inc. incorporated in New York" is the same person as Plaintiff and argues that it is "not Plaintiff, but rather a different entity with the same name." Dkt. No. 57 at 5. In support of that assertion, Plaintiff provides an affidavit of Richard Bustamante—a Servicing Manager at Plaintiff—who attests that he is familiar with Plaintiff's historical business records and that "West Coast Servicing, Inc., Plaintiff herein, is not the same West Coast Servicing, Inc. as the entity that is organized in New York." Dkt. No. 57-1

¶¶ 2, 4.  Plaintiff also submits a "Business Search" result from the California Secretary of State that identifies "West Coast Servicing, Inc." as a corporation formed in California with a principal address at "7911 Warner Ave, Huntington Beach, CA 92647," and a designated agent named "Dale F. Thayer." *Id.* at ECF p. 4.  The assignment of the mortgage on the Property to Plaintiff provides that "West Coast Servicing, Inc.[']s]" address is "20151 SW Birch St., Ste. 200, Newport Beach, CA 92660."  Dkt. No. 1-1 at ECF p. 38.  That California address differs from the one on Plaintiff's "Business Search" result, but licensing records from the California Department of Real Estate dispel any lingering uncertainty.  *See Patito v. Countrywide Bank, FSB*, 2010 WL 690131, at *1 n.1 (N.D. Cal. Feb. 23, 2010) ("The official records of the California Department of Real Estate are subject to judicial notice as a public record.").  A Department of Real Estate licensing record states that "West Coast Servicing Inc" is located at 7911 Warner Ave., Huntington Beach, CA 92647 and has a "Designated Officer" named Dale Thayer.  *West Coast Servicing, Inc.*, St. Cal. Dep't Real Est. (accessed on Nov. 12, 2023), https://www2.dre.ca.gov/publicasp/pplinfo.asp?License_id=01523851.  Additionally, that record provides that West Coast Servicing has a branch at 20151 SW Birch St., Newport Beach, CA 92660, *id.*—the same address in the Verified Complaint and mortgage documents.  The conclusion that Plaintiff is a California corporation is further confirmed by an "Entity Detail[]" from the Delaware Department of State's Division of Corporations that notes that Plaintiff has a registered agent in Delaware, but describes Plaintiff as a foreign corporation from California. Dkt. No. 47-4.  As such, there is "ample and authoritative evidence . . . that [Plaintiff] is a [California] corporation and that [the other West Coast Servicing, Inc.] is a separate corporate entity organized in [New York] and unrelated to this action." *Flight Servs. Grp. v. Omyaviation, Inc.*, 1993 WL 298887, at *2 (D. Conn. July 21, 1993) (Cabranes, J.); *see also Drankwater v.*

7

*Miller*, 830 F. Supp. 188, 190 n.1 (S.D.N.Y. 1993); *D.S. Brown Co. v. White-Schiavone, JV*, 2020 WL 6363899, at *5 (D. Mass. Oct. 29, 2020).[1]

Rogers has not established a genuine dispute of material fact as to Plaintiff's state of incorporation. While the "Entity Information" record indicates that there is a New York corporation with the name "West Coast Servicing, Inc.," that evidence alone is insufficient to give rise to a genuine issue. New York law permits its corporations to have the same name as corporations in other states that are not registered with the New York authorities. *See* N.Y. Bus. Corp. Law § 301(a)(2)(A) (forbidding New York corporations from adopting any name that "appear[s] on the index of names of existing domestic and authorized foreign corporations . . . in the department of state, division of corporations, or a name the right to which is reserved."). Thus, the fact that there exists a "West Coast Servicing, Inc" that is incorporated in New York does not create a genuine issue as to whether Plaintiff, which bears the same name, is incorporated in New York. New York corporations can bear the same names as out-of-state corporations just as "individuals of the same name [as New Yorkers] are listed in telephone directories in other states." *Grenader v. Spitz*, 390 F. Supp. 1112, 1118 (S.D.N.Y. 1975). The mere "metaphysical doubt" Rogers sows as to Plaintiff's identity, *Matsushita*, 475 U.S. at 586, is insufficient "to raise a genuine dispute of material fact as to whether there [is] diversity jurisdiction," *Romano v. Nev. Div. of Water Res.*, 773 F. App'x 996, 996 (9th Cir. 2019).

---

[1] The Verified Complaint alleges that Plaintiff is a Delaware corporation with its principal place of business in California and that, for purposes of diversity jurisdiction, it is a citizen of Delaware and California. Dkt. No. 1 ¶ 2. That assertion is backed by the first Bustamante affidavit. Dkt. No. 46 ¶ 5. In its reply memorandum, Plaintiff contends that it "is a California corporation," Dkt. No. 57 at 5, and attaches the further affidavit with a record stating that it was formed under the laws of California, Dkt. No. 57-1, at ECF p. 4. The difference is immaterial and need not be resolved by the Court. Whether Plaintiff's present state of incorporation is Delaware or California, it is not New York. Accordingly, the Court has diversity jurisdiction.

Having confirmed its subject-matter jurisdiction, the Court reaches the merits of Plaintiff's motion. "In a foreclosure action under New York law, a plaintiff establishes its *prima facie* entitlement to summary judgment by producing evidence of the mortgage, the unpaid note, and the defendant's default." *Gustavia Home, LLC v. Rutty*, 720 F. App'x 27, 28 (2d Cir. 2017); *see also 1077 Madison St., LLC v. Daniels*, 954 F.3d 460, 463–64 (2d Cir. 2020) (per curiam); *Deutsche Bank Nat'l Tr. Co. v. Adlerstein*, 98 N.Y.S.3d 146, 147 (2d Dep't 2019). "Where, as here, the defendant contests standing to foreclose, 'the plaintiff must prove its standing as part of its *prima facie* showing.'" *CIT Bank N.A. v. Donovan*, 856 F. App'x 335, 336 (2d Cir. 2021) (quoting *JPMorgan Chase Bank, N.A. v. Weinberger*, 37 N.Y.S.3d 286, 288 (2d Dep't 2016)). *See generally Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 173 (2d Cir. 2005) (Sotomayor, J.) ("[When] jurisdiction is predicated on diversity of citizenship, a plaintiff must have standing under both Article III of the Constitution and applicable state law in order to maintain a cause of action."). Under New York law, "[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note." *Bank of Am., N.A. v. Cord*, 92 N.Y.S.3d 185, 187 (2d Dep't 2019). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident." *Wells Fargo Bank, N.A. v. Grosz*, 103 N.Y.S.3d 535, 537 (2d Dep't 2019); *see also MTGLQ Invs., L.P. v. Miciotta*, 166 N.Y.S.3d 349, 351 (3d Dep't 2022). "If the plaintiff establishes a *prima facie* case, '[t]he burden then shifts to the defendant to demonstrate the existence of a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff.'"

9

*CIT Bank*, 856 F. App'x at 336–37 (quoting *Capstone Bus. Credit, LLC v. Imperia Family Realty, LLC*, 895 N.Y.S.2d 199, 201 (2d Dep't 2010)).

The undisputed facts demonstrate Plaintiff's *prima facie* entitlement to summary judgment on its foreclosure claim. There is no genuine dispute that Rogers entered into the mortgage, Dkt. No. 48 ¶ 4; Dkt. No. 52 ¶ 4, and note, Dkt. No. 48 ¶ 3; Dkt. No. 52 ¶ 3, but has been in default since January 1, 2020, Dkt. No. 48 ¶ 9; Dkt. No. 52 ¶ 9. Likewise, Plaintiff has shown its standing to bring this foreclosure action under New York law twice over, as the parties do not dispute that Plaintiff received the note both by written assignment and physical delivery, Dkt. No. 48 ¶¶ 8, 14; Dkt. No. 52 ¶¶ 8, 14; *see also* Dkt. No. 47-1 at ECF p. 33, either of which suffices to confer standing, *see 1077 Madison St., LLC*, 954 F.3d at 463–64. Thus, Plaintiff "has demonstrated its *prima facie* case of entitlement to judgment." *Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (Bianco, J.).

Although Plaintiff's motion contests each of the defenses in the Verified Answer, Dkt. No. 49 at 7–16, Rogers's three-page opposition brief relies exclusively on her argument that Plaintiff is a New York corporation and makes no reference to her other defenses, Dkt. No. 51 at 2–3. Rogers has therefore abandoned those defenses. *See Jackson v. Fed. Exp.*, 766 F.3d 189, 196 (2d Cir. 2014); *Howard Univ. v. Borders*, 588 F. Supp. 3d 457, 483 (S.D.N.Y. 2022); *Maxim Grp. LLC v. Life Partners Holdings, Inc.*, 690 F. Supp. 2d 293, 310 (S.D.N.Y. 2010). In any event, Rogers's defenses are "unavailing on their merits." *DeJesus v. Malloy*, 531 F. Supp. 3d 650, 666 (W.D.N.Y. 2021) (internal quotation marks omitted). Rogers averred that Plaintiff failed to state a claim. Dkt. No. 34 ¶ 27. But "[h]aving determined that Plaintiff has established its *prima facie* case, the Court rejects this defense." *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 81 (E.D.N.Y. 2019). Rogers also contended that Plaintiff lacks standing to bring this

foreclosure action. Dkt. No. 34 ¶ 28. However, "as previously discussed, Plaintiff has produced evidence showing that it was the holder of the Mortgage and Note at the time it filed, [so] the Court rejects [Rogers's] standing argument." *Hoyer*, 362 F. Supp. 3d at 86 (internal citation and quotation marks omitted). Finally, Rogers argued that Plaintiff did not provide her with notices required under the mortgage agreement and RPAPL § 1304. Dkt. No. 34 ¶ 29. Yet the undisputed facts refute her assertion. The mortgage stipulates that, prior to accelerating the debt and commencing a foreclosure action, Plaintiff must mail Rogers a notice specifying how she defaulted and the date by which she can cure that default. Dkt. No. 47-1 at ECF p. 22. And "[p]ursuant to [RPAPL] Section 1304, at least 90 days prior to commencing legal action against a borrower of a home loan, a lender, assignee, or mortgage loan servicer must provide the borrower with notice stating, *inter alia*, that the loan is a certain number of days and dollars in default as of a certain date." *CIT Bank*, 856 F. App'x at 336; *see also OneWest Bank, N.A. v. Guerrero*, 2016 WL 3453457, at *5 (S.D.N.Y. June 17, 2016). Plaintiff sent Rogers a contractual demand letter on February 1, 2022, Dkt. No. 48 ¶ 10; Dkt. No. 52 ¶ 10, that stated she had defaulted by failing to pay specified sums owed and warned that "[f]ailure to correct the default by March 3, 2022 may result in acceleration of your loan," Dkt. No. 47-3 at ECF p. 25. Rogers did not cure her default, so Plaintiff sent her a ninety-day notice on March 3, 2022. Dkt. No. 48 ¶ 11; Dkt. No. 52 ¶ 11. That notice provided the disclosures enumerated in RPAPL § 1304(1).[2] *See* Dkt. No. 47-3 at ECF p. 12; *see also id.* at ECF pp. 1–7, 18, 20. Accordingly,

---

[2] Plaintiff also filed a Proof of Filing Statement with the New York State Department of Financial Services in accordance with RPAPL § 1306, Dkt. No. 48 ¶ 11; Dkt. No. 52 ¶ 11; *see* Dkt. No. 47-3 at ECF p. 22, and served Defendant with a statutory notice pursuant to RPAPL § 1303, Dkt. No. 10.

Plaintiff is entitled to summary judgment notwithstanding the defenses in Rogers's Verified Answer.

## CONCLUSION

The motion for summary judgment is GRANTED. The motion to strike Rogers's affirmative defenses is DENIED as moot. *See Bent*, 321 F. Supp. 3d at 416 n.10.

Plaintiff is directed to submit a proposed judgment of foreclosure by December 4, 2023 that provides for a sale of the Property consistent with this Memorandum and Order. The proposed judgment of foreclosure should also provide for the appointment of a proposed referee to calculate the amount due (including any compensable fees and costs), effectuate the sale, and disperse the resulting proceeds. *See Hoyer*, 362 F. Supp. 3d at 93. Plaintiff is further directed to file a letter concurrently with the proposed judgment that describes the qualifications of its proposed referee. *See Gustavia Home, LLC v. Ledesma*, 2017 WL 1501485, at *5 (E.D.N.Y. Feb. 14, 2017), *report and recommendation adopted*, 2017 WL 1497947 (E.D.N.Y. Apr. 26, 2017).

The Clerk of Court is respectfully directed to close Dkt. No. 45.

SO ORDERED.

Dated: November 14, 2023
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge